E-FILED
Tuesday, 30 June, 2026  05:34:03 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| **RAPHAEL THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 2:26-cv-02194** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TCC WIRELESS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Raphael Thomas ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against TCC Wireless, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's race-based discrimination and harassment, sex-based discrimination and harassment, and retaliation.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

4. Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 28 U.S.C. §1391(b) insofar the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5.      All conditions precedent to jurisdiction under Section 1981 and Title VII have occurred or been complied with.

6.      Plaintiff filed a charge of discrimination on the basis of race, sex, and retaliation with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8.      This Complaint has been filed within ninety (90) days of receipt of the EEOC's Dismissal and Notice of Right to Sue.

## PARTIES

9.      At all times material to the allegations of this Complaint, Plaintiff, Raphael Thomas, resides in Champaign County, in the State of Illinois.

10.     At all times material to the allegations in this Complaint, Defendant, is a limited liability company doing business and intentionally seeking out employees, customers, and business in the State of Illinois, whose principal place of business is located at 1260 U.S. - 51 Suite D, Forsyth, Illinois 62535.

11.     Defendant engaged in and benefitted from interstate commence within the State of Illinois.

12.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII and Section 1981 and has been engaged in an industry affecting commerce within the meaning of Title VII. and 42 U.S.C. § 12111(5)(A).

13.     Plaintiff was employed by Defendant as an "employee" within the meaning of Title VII and Section 1981 Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

## BACKGROUND FACTS

2

14.     Plaintiff was employed by Defendant as a Program Supervisor from on or about April 29, 2024, to on or about March 27, 2026.

15.     Plaintiff is an African American man.

16.     Plaintiff is a member of a protected class due to his race (African American).

17.     Plaintiff is a member of a protected class due to his sex (male).

18.     Throughout Plaintiff's employment, Plaintiff performed the duties of his position and met Defendant's legitimate business expectations.

19.     Throughout Plaintiff's tenure, Plaintiff's direct manager, Cynthia Scott ("Scott"), subjected Plaintiff to ongoing harassment, hostility, and abusive treatment.

20.     Cynthia Scott is a Puerto Rican woman.

21.     During Plaintiff's employment, Scott regularly communicated with Plaintiff in an aggressive, hostile, and abusive manner.

22.     Despite the discriminatory treatment he experienced, Plaintiff remained employed because he had children and family obligations requiring him to maintain stable employment.

23.     On one occasion, Plaintiff's grandmother passed away while Plaintiff was at work.

24.     Scott was scheduled to relieve Plaintiff at work so Plaintiff could leave due to this family emergency.

25.     Plaintiff contacted Scott to notify her of the emergency and to inquire regarding relief coverage.

26.     In response, Scott stated to Plaintiff, "Stop calling me, I'll get there when I get there."

27.     On another occasion, Plaintiff was scheduled to take a work break in accordance with Defendant's workplace policies.

28.     When Plaintiff prepared to leave the work floor for his scheduled break, Scott demanded

3

that Plaintiff remain working on the floor.

29.     Scott then yelled at Plaintiff, stating, "Get back on the motherfucking floor, don't leave the floor, I'll relieve you if I want to."

30.     Throughout Plaintiff's employment, Scott frequently directed profanity, hostility, and abusive language toward Plaintiff.

31.     On multiple occasions, Scott referred to Plaintiff using derogatory and demeaning gender-based language, including calling Plaintiff a "bitch."

32.     Scott did not treat those outside of Plaintiff's protected class (non-African American and non-male) in this same manner.

33.     Plaintiff reported Scott's ongoing harassment and discriminatory conduct to Scott's supervisor, Sergio (LNU).

34.     Plaintiff informed Sergio, Plaintiff's supervisor, that Scott was subjecting Plaintiff to abusive and discriminatory treatment in the workplace, thereby engaging in protected activity.

35.     Despite Plaintiff's complaint, Sergio failed to investigate Plaintiff's concerns or take corrective action.

36.     Defendant's Assistant Manager, Richard Cruzan, also personally witnessed the hostile and abusive treatment Scott directed toward Plaintiff.

37.     Despite management's awareness of Scott's conduct, Defendant failed to intervene or take action to stop the harassment.

38.     Following Sergio's departure from Defendant's management team, Jose A. (LNU) became Scott's direct supervisor.

39.     Plaintiff subsequently reported Scott's conduct to Jose.

40.     Despite receiving Plaintiff's complaint, Jose likewise failed to investigate Plaintiff's

concerns or take corrective action.

41.     As a result of the ongoing harassment, discriminatory treatment, and Defendant's repeated failure to address Plaintiff's complaints, Plaintiff ultimately decided he could no longer continue working under such conditions, as no reasonable person could have continued working under these circumstances.

42.     Plaintiff thereafter submitted his two-week notice of resignation.

43.     In effect, Plaintiff was constructively discharged.

44.     On or about November 16, 2023, Plaintiff reported to work for his final day of employment.

45.     On that date, Plaintiff attempted to return the building key to Scott as part of the separation process.

46.     Upon receiving the key, Scott became verbally aggressive toward Plaintiff and began yelling and cursing at him.

47.     During this confrontation, Scott repeatedly referred to Plaintiff using the racial slur "bitch ass nigg*."

48.     Scott directed this racial slur toward Plaintiff multiple times during the confrontation.

49.     The use of this aggressive language and racial slur confirmed that Scott's treatment of Plaintiff was due to racial and gendered animus.

50.     Mr. Cruzan witnessed Scott's actions and slurs directed at Plaintiff.

51.     Rather than disciplining Scott, Mr. Cruzan instructed Plaintiff to leave the workplace immediately.

52.     After Plaintiff returned home, Scott sent Plaintiff a text message in which she again referred to Plaintiff as a "bitch ass nigg*."

53.     In sending this message, Scott's discrimination and harassment of Plaintiff extended past

Plaintiff's employment with Defendant.

54.   Defendant's conduct subjected Plaintiff to unlawful race discrimination, harassment, and a hostile work environment.

55.   Plaintiff suffered multiple adverse employment actions including but not limited to constructive discharge.

56.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered emotional distress, humiliation, mental anguish, and other compensable damages.

57.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost employment benefits, and other compensable economic damages.

58.   Plaintiff was discriminated against by Defendant on the basis of his race and gender.

59.   Defendant retaliated against Plaintiff for lodging complaints of racial discrimination and harassment.

60.   Other, similarly situated employees outside of Plaintiff's protected class(s) (non-African American and non-male) were not subjected to the same treatment as Plaintiff.

61.   Plaintiff met or exceeded performance expectations throughout the duration of his employment with Defendant as evidenced by the lack of writeups/ negative performance remarks in his personnel file.

62.   Plaintiff can show that he engaged in statutorily protected activity – a necessary component of his retaliation claim- because Plaintiff made verbal and written complaints of race-based and sex-based discrimination and harassment.

63.   Defendant's discrimination, harassment, and retaliation against Plaintiff, coupled with Defendant's termination of Plaintiff, took a heavy mental toll on Plaintiff, who suffered and continues to suffer severe mental anguish and distress.

6

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

64.   Plaintiff repeats and re-alleges paragraphs 1-63 as if fully stated herein.

65.   Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

66.   Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

67.   Plaintiff met or exceeded Defendant's performance expectations throughout his employment

68.   Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

69.   Defendant's unlawful conduct resulted in considerable harm and adverse employment action, and Plaintiff is entitled to all legal and equitable remedies under Section 1981.

70.   As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.**
**(Race-Based Harassment)**

7

71.     Plaintiff repeats and re-alleges paragraphs 1-70 as if fully stated herein.

72.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race, African American, and intentionally harassed Plaintiff based on Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

73.     Defendant knew or should have known of the harassment.

74.     The race-based harassment was severe or pervasive.

75.     The race-based harassment was offensive subjectively and objectively.

76.     The race-based harassment was unwelcomed.

77.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., due to his race, African American.

78.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

79.     As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.
### (Race-Based Discrimination)

80.     Plaintiff repeats and re-alleges paragraphs 1-70 as if fully stated herein.

81.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

82.      Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., due to his race, African American.

83.      Defendant discriminated against Plaintiff due to his race.

84.      Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

85.      As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

86.      By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

### COUNT IV
**Violation of Title VII of the Civil Rights Act**
**(Sex-based Harassment)**

87.      Plaintiff repeats and re-alleges paragraphs 1-70 as if fully stated herein.

88.      By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

89.      Defendant knew or should have known of the sexual harassment.

90.      The sexual harassment was severe or pervasive.

91.      The sexual harassment was offensive subjectively and objectively.

92.      The sexual harassment was unwelcomed.

93.      Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, male.

9

94. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

95. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

96. Plaintiff repeats and re-alleges paragraphs 1-70 as if fully stated herein.

97. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, male, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

98. Plaintiff met or exceeded performance expectations throughout the duration of his employment with Defendant, as he never received non-discriminatory or non-retaliatory write-ups or negative performance remarks.

99. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

100. Defendant retaliated against Plaintiff and subjected Plaintiff to different terms of employment on the basis of Plaintiff's sex.

101. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

102. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

103. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

enjoyment of life.

## COUNT VI
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

104.    Plaintiff repeats and re-alleges paragraphs 1-70 as if fully stated herein.

105.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

106.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to supervisors, Defendant, and/or Defendant's HR Department about race-based discrimination, race-based harassment, sex-based discrimination, and sex-based harassment that he was continuously subjected to.

107.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

108.    In response to Plaintiff's complaints, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaints of race-based discrimination, race-based harassment, sex-based discrimination, and sex-based harassment.

109.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

110.    Plaintiff suffered adverse employment actions in retaliation for engaging in protected activity, including but not limited to termination.

111.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the race-based discrimination and race-based harassment, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

11

112.   Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

113.   As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

   a.   Back pay;

   b.   Payment of interest on all back pay and benefits recoverable;

   c.   Front pay;

   d.   Loss of benefits;

   e.   Compensatory and punitive damages;

   f.   Reasonable attorney fees and costs;

   g.   Award pre-judgment interest if applicable; and

   h.   Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of June, 2026.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**

12

2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*


**/s/ *Sophia Steere***
**SOPHIA STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@atlaslawcenter.com
*Attorney for Plaintiff*